```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION


NORTHWEST ARKANSAS HOME
BUILDERS ASSOCIATION, INC.
AND WILLIAM FAIRCHILD                                    PLAINTIFFS


                     v.    Civil No. 07-5148

CITY OF ROGERS, ROGERS WATER
UTILITIES, AND ROGERS
WATERWORKS & SEWER COMMISSION                            DEFENDANTS
```

**O R D E R**

Now on this 3rd day of March 2008, in the above-referenced matter, comes on for this Court's consideration the **Motion to Dismiss Plaintiffs' Complaint** (document #10), filed by separate defendants, Rogers Water Utilities and Rogers Waterworks & Sewer Commission; the **Motion to Dismiss Plaintiffs' Complaint** (document #13), filed by separate defendant, City of Rogers; and plaintiffs' respective responses thereto (documents #15 and 17). The Court, being well and sufficiently advised, finds and orders as follows:

1. On August 16, 2007, plaintiffs, Northwest Arkansas Home Builders Association, Inc. and William Fairchild (hereinafter "plaintiffs," "NWAHBA," or "Fairchild," as appropriate), filed this suit against defendants, Rogers Water Utilities, Rogers Waterworks & Sewer Commission, and the City of Rogers (hereinafter "defendants," "Rogers Water Utilities," the

"Commission," or "City of Rogers," as appropriate), alleging that Defendants illegally extracted monies in violation of Article 16, Section 13 of the Arkansas Constitution by charging access and hook-up fees for new installations of water and sewer services.[1]

Fairchild also claims a violation of his Fourteenth Amendment due process rights because he allegedly was denied his right to speak out or vote against the access and hook-up fees.

In their complaint, plaintiffs seek:

* a declaratory judgment stating that defendants' collection and/or appropriation of access and hook-up fees amount to an illegal exaction;

* an injunction against defendants preventing further collection of the contested fees; and

* an order requiring defendants to refund the fees to those who have paid them. (Doc. 1 at 14)

Also in their complaint, plaintiffs assert that this Court has federal question jurisdiction over Fairchild's due process claim and supplemental jurisdiction over the state law, illegal-exaction claims.

---

[1] Specifically, Plaintiffs challenge certain access and hook-up fees first established by the Commission on December 30, 2004 through Resolution No. 05-05.  The Commission's Resolution was later adopted by the City of Rogers through Ordinance Nos. 07-80 and 07-81, enacted on June 12, 2007.

2

2. On September 10, 2007, defendants, Rogers Water Utilities and the Commission, filed their **Motion to Dismiss** Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

Subsequently, on September 19, 2007, defendant, City of Rogers, filed its **Motion to Dismiss** – in which motion the City of Rogers incorporates by reference, in its entirety, the motion previously filed by Rogers Water Utilities and the Commission. Accordingly, in addressing the arguments proffered by defendants, the Court will treat the respective motions to dismiss now before it as one, collective motion.

3. Defendants' motion sets forth several arguments in support of dismissal, including lack of subject matter jurisdiction, lack of standing, and that certain claims set forth in plaintiffs' complaint are moot.

Plaintiffs have responded in opposition to each of defendants' separate arguments for dismissal.

4. As a threshold issue, the Court will address defendants' arguments for dismissal based on lack of subject matter jurisdiction.

In their motion defendants argue that the Tax Injunction Act (the "Act" or "TIA"), 28 U.S.C. § 1341, prohibits the Court from exercising jurisdiction over plaintiffs' illegal exaction claims as the access and hook-up fees at issue are taxes for purposes of the Act.

In response, plaintiffs assert that the Act cannot be used to deny this Court's subject matter jurisdiction because plaintiffs have not alleged that defendants' access and hook-up fees are, in fact, taxes.  Instead, they argue that "however defendants' access and hook-up fees are characterized (impact fee, service fee, or tax), they have been imposed illegally and constitute an illegal exaction in violation of the U.S. Constitution and Arkansas law." (Doc. 15 at 2.)

The TIA prohibits federal courts from exercising jurisdiction over certain kinds of claims involving state taxation.  Specifically, the Act states that district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  The TIA's broad restriction on federal court jurisdiction over state and local tax matters reflects,

> the importance of the taxing power to the operation of state governments as well as the desire of the Congress to restrain federal courts from unduly interfering with state revenue collection.

Collins Holding Corp. v. Jasper County, S.C., 123 F.3d 797, 799 (4th Cir. 1997).

The Act's prohibition extends to declaratory judgment actions as well as to suits for injunctive relief. Burris v. City of Little Rock, 941 F.2d 717, 720 (8th Cir. 1991); Coon v. Teasdale, 567 F.2d 820, 822 (8th Cir. 1977).  Moreover, the TIA

4

applies to taxes imposed by municipalities as well as those imposed by states. See Soo Line R.R. Co. v. City of Harvey, 424 F.Supp. 329, 330 (D.C. N.D. 1976) (holding that a special assessment levied by a municipal corporation against a railroad is a tax within the meaning of 28 U.S.C. § 1341).

In determining whether the TIA applies, a court must first consider whether the levy in question constitutes a "tax," thereby making it subject to the Act's jurisdictional limitations, or whether it is merely a "fee."  This inquiry is to be made in light of applicable federal law. Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin County, 115 F.3d 1372, 1382 (8th Cir. 1997); Wright v. McClain, 835 F.2d 143, 144 (6th Cir. 1987).  Thus, a court making such an inquiry is not bound by the characterization applied to the levy in question by the authority assessing or collecting it. Hennepin County, 115 F.3d at 1382.

While the line between a tax and a fee can be a blurry one, workable distinctions clearly exist.  As examples:

* The classic tax sustains the essential flow of revenue to the government; while the classic fee is connected to a regulatory scheme. Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1011 (5th Cir. 1998); Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir. 1998); Hager v. City of West Peoria, 84 F.3d 865, 871 (7th Cir. 1996).

\* The classic tax is designed to provide a benefit for the community; while the classic fee is designed to raise money to help defray an agency's regulatory expenses. Home Builders Ass'n, 143 F.3d at 1011; San Juan Cellular Telephone Co. v. Public Service Commission of Puerto Rico, 967 F.2d 683, 685 (1st Cir. 1992).

\* The classic tax is imposed by a state or municipal legislature; while the classic fee is imposed by an agency upon those it regulates. Home Builders Ass'n, 143 F.3d at 1011; San Juan Cellular Telephone, 967 F.2d at 685.

The Court notes that a broad construction of "tax" is necessary to honor Congress's goals in promulgating the TIA – specifically, that of "preventing federally-based delays in the collection of public revenues by state and local governments." Henderson v. Stalder, 407 F.3d 351, 356 (5th Cir. 2005); see also Behe v. Chester County Bd. of Assessment Appeals, 952 F.2d 66, 68 (3d Cir. 1991).

In the instant case, it appears that the purpose of the resolution and ordinances at issue is to raise revenue for new public facilities and capital improvements to public water and sewer systems in the City of Rogers.  This is made clear by the express language of the challenged exactions.  For example, Ordinance No. 07-80 states, in relevant part, that,

> the Commission and the Utilities have adopted the 2006 Capital Improvement Plan for water service and the 2004 Capital Improvement Plan for sewer service for new public facilities and capital improvements to existing

6

> public facilities in the Rogers water and sewer system that are required to create additional capacity and that are eligible for financing, at least in part, by the development impact fees established hereunder.

Additionally, Resolution No. 05-05 specifies that Rogers Water Utilities has the need to expand its facilities and to plan for future expansion, at a cost expected to exceed $100 million over the next fifteen years.  The Resolution further states that its purpose, in part, is to raise the needed funds while keeping water and sewer rates affordable for all of its customers.

Thus, it is evident that the primary purpose of the challenged levies is revenue-raising – not regulatory.  Compare Burris, 941 F.2d at 720 (holding that special assessments and charges for sewer systems were taxes), and Herron v. Mayor and City Council of Annapolis, Maryland, 388 F.Supp.2d 565, 571 (D.Md. 2005) (holding that impact fee ordinance imposed by county, which subjected all new homes to the charge and funded school construction, was a tax for purposes of the TIA), with Hennepin County, 115 F.3d at 1383 (holding that fees generated by county ordinance, which prohibited haulers from delivering designated waste to non-designated facilities, did not come within the TIA, as the primary purpose of the ordinance was regulatory).

The Court notes that it appears the exactions are not designed to raise money to help off-set the Commission's regulatory expenses – but, rather to benefit the entire community by defraying the costs associated with new local

7

development and improvements to existing facilities. See Home Builders Ass'n, 143 F.3d at 1011-12 (finding that impact fee was a tax for purposes of the TIA, as the fee was assessed to enhance the provision of municipal services in a growing city – thereby serving a broad public purpose).

The Court further notes that the resolution at issue – while initially passed by the Commission – has been adopted by the City of Rogers through the two contested ordinances.

Considering the foregoing and giving a broad construction to the TIA's use of "tax," the Court concludes that, as argued by defendants, the access and hook-up fees at issue qualify as taxes for purposes of the Act.[2]

5.   The next question under § 1341 of the Act is whether state law affords a "plain, speedy and efficient remedy" for persons aggrieved.

A state-court remedy is "plain, speedy and efficient" only if it provides the taxpayer with a full hearing and judicial determination at which he may raise any and all constitutional objections to the tax, subject to eventual review by the Supreme Court. California v. Grace Brethren Church, 457 U.S. 393, 411 (1982); Burris, 941 F.2d at 720.

The adequacy of the state remedy is measured according to procedural – rather than substantive criteria. Rosewell v.

---

[2]   The Court need not and it does not herein express an opinion as to whether the levies at issue constitute a tax for purposes of other statutes or other litigation.

8

LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981); Burris, 941 F.2d at 720.  "As long as the taxpayer's federal rights receive full consideration, the remedy is adequate." Burris, 941 F.2d at 720.

In the case at bar, there are alternative remedies available to plaintiffs in the Arkansas courts. For example, they could sue in chancery court to enjoin the assessments under Arkansas Code § 16-113-306, which specifically targets illegal tax assessments. That statute provides, in pertinent part,

> [t]he judge of the chancery court for any county may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city, or other local tribunals, boards or officers.

Ark. Code Ann. § 16-113-306.

Plaintiffs could also obtain a declaratory judgment under Arkansas Code § 16-111-103.

The Court, therefore, concludes that, in the instant case, Arkansas law affords a "plain, speedy and efficient remedy" to plaintiffs on their claims.

6. It follows, therefore, that because this is an action to enjoin the assessment and collection of taxes, and because plaintiffs have a plain, speedy, and efficient remedy in the Arkansas courts, the TIA bars federal jurisdiction over the illegal exaction claims raised by plaintiffs.

Moreover, because Fairchild's federal due process claim may be raised in state court, the Court finds that this claim would be more appropriately raised in that forum – along with

9

plaintiffs' illegal exaction claims. See Burris, 941 F.2d at 721 ("Federal constitutional claims may, of course, be raised in state court.").

**IT IS THEREFORE ORDERED** that the **Motion to Dismiss Plaintiffs' Complaint** (document #10) filed by separate defendants, Rogers Water Utilities and Rogers Waterworks & Sewer Commission, and the **Motion to Dismiss Plaintiffs' Complaint** (document #13) filed by separate defendant, City of Rogers, are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' complaint against defendants is hereby **DISMISSED** for lack of jurisdiction over the subject matter.

**IT IS SO ORDERED.**

                                          **/S/JIMM LARRY HENDREN**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**